EISENHOWER HOSPITAL OSTEO-PATHIC, a Colorado Corporation, Glens Falls Insurance Company, a New York Corporation, Plaintiffs-Appellants,

v.

Geraldine TAYLOR, American Empire Insurance Company, an Ohio Corporation, and Clyde A. Arrington, Defendants-Appellees.

EISENHOWER HOSPITAL OSTEO-PATHIC, a Colorado Corporation, Glens Falls Insurance Company, a New York Corporation, and Northwestern National Insurance Group, a Wisconsin Corporation, Plaintiffs-Appellees,

v.

Geraldine TAYLOR, American Empire Insurance Company, an Ohio Corporation, and Clyde A. Arrington, Defendants-Appellants.

Nos. 78–550, 78–690.

Colorado Court of Appeals,
Div. II.

Dec. 28, 1979.

Rehearing Denied Jan. 17, 1980.

Certiorari Denied April 14, 1980.

Rector, Retherford, Mullen & Johnson, Jerry A. Retherford, Colorado Springs, for plaintiffs-appellants, and plaintiffs-appellees, Eisenhower Hospital Osteopathic and Glens Falls Insurance Company, and plaintiffs-appellees, Northwestern National Insurance Group.

Kane, Donley & Wills, Hayden W. Kane, Colorado Springs, for defendants-appellants Geraldine Taylor and American Empire Insurance Co.

PIERCE, Judge.

This is an appeal of a judgment apportioning liability among insurance companies. We affirm.

This action originally arose out of a judgment for $255,000 in a wrongful death action entered against Eisenhower Hospital Osteopathic and two of its employees, Geraldine Taylor, a nurse, and Robert L. Lennon, an osteopathic anesthesiologist. Subsequent to the judgment in the wrongful death action, a declaratory action was filed by Eisenhower Hospital and its insurers, Glens Falls Insurance Company and Northwestern National Insurance Group, to determine the extent of their liability with respect to that of the insurance carrier for Geraldine Taylor, American Empire Insurance Company. As an employee, Geraldine Taylor was a principal insured under the policies issued by both Northwestern National and Glens Falls.

The Glens Falls policy provided primary insurance to hospital employees for claims not exceeding $100,000. However, the Glens Falls policy provided that if another insurance policy covered the same loss and if, as here, the second policy did not provide for contribution by equal shares, Glens Falls would not be liable for a greater proportion of the loss than the limit of liability in the Glens Falls policy bore to the total liability of collectible insurance covering that loss.

Northwestern National's limit of liability was $2,000,000; however, that policy provided that liability would arise only when the insured's primary insurance limit had been exceeded. American Empire's limit of liability was $1,000,000, with the policy containing a proration provision essentially identical to that of the Glens Falls policy.

The trial court found that Northwestern National had no obligation with respect to the loss involved in this case since its policy provided excess coverage only and the judgment did not exceed the limits of the primary policies. It then found that the provisions calling for apportionment on the basis of a ratio of policy limits in both the Glens Falls and American Empire policies should be given effect and, as a result, the loss should be apportioned $\frac{1}{11}$ to Glens Falls and $\frac{10}{11}$ to American Empire.

On appeal, Geraldine Taylor and American Empire contend that the trial court erred in excluding the Northwestern National policy when apportioning liability for this loss, and, alternatively, that the trial court erred in the manner in which it apportioned the loss between American Empire and Glens Falls.

■ The interpretation of insurance documents, as with any other written contract, is a matter of law, and we are therefore not bound by the findings of the trial court. *Ohio Casualty Insurance Co. v. Guaranty National Insurance Co.*, Colo., 592 P.2d 397 (1979). In this case, however, we find no error in the trial court's conclusions and findings and therefore affirm the judgment.

■ With respect to the liability of Northwestern National, insurance which is subject to an "excess" provision does not qualify as valid and collectible insurance for the purposes of the proration provision of the American Empire policy until the limits of the primary policies have been excluded. *Insurance Co. of North America v. American Homes Assurance Co.*, 391 F.Supp. 1097 (D.Colo.1975). Because the loss did not exceed the limits of the primary insurance policies, the trial court was correct in finding that Northwestern National was not liable for any portion of the loss in this case.

■ Nor was the trial court in error in apportioning the loss between American Empire and Glens Falls as it did. Both

insurers designated the same method of apportionment in their policies, and therefore these contracts will be given effect. *Dairyland Insurance Co. v. Drum*, 193 Colo. 519, 568 P.2d 459 (1977).

Judgment affirmed.

RULAND and BERMAN, JJ., concur.