Cheryl A. ATENCIO, Plaintiff–Appellee,

v.

MID–CENTURY INSURANCE COMPANY, a member of Farmers Insurance Group, Defendant–Appellant.

No. 80CA0251.

Colorado Court of Appeals, Div. I.

Oct. 30, 1980.

Cairns & Wylder, P. C., Earl S. Wylder, Denver, for plaintiff–appellee.

Yegge, Hall & Evans, Michael W. Jones, Denver, for defendant–appellant.

COYTE, Judge.

Defendant appeals from the entry of a judgment in the amount of $3400 in favor of plaintiff. We affirm.

Plaintiff was injured in an automobile accident in which the responsible party was uninsured. She recovered PIP benefits from her own insurance company, the defendant, of $7964. There was then submitted to arbitration her claim against her company under the uninsured motorists provision of her policy which provided coverage up to $15,000. The arbitrator found total damages suffered by plaintiff to be $19,564 from which he deducted the $7964 PIP benefits paid to plaintiff and entered a net award of $11,600. This amount was then paid to plaintiff without prejudice to plaintiff's right to seek a modification of the award. Plaintiff thereupon filed suit alleging that there was $3400 yet due her under the uninsured motorists coverage afforded to her under her policy of insurance. The superior court ruled that no deduction from the uninsured motorist coverage could be made for PIP benefits paid; hence, the court entered judgment in plaintiff's favor for $3400.

Defendant first argues that the matter has been submitted to arbitration, that the arbitration is binding on plaintiff, and that the arbitrators " 'are the final judges of both law and fact and an award will not be reviewed or set aside for mistake in either.' " *Sisters of Mercy v. Mead & Mount Construction Co.*, 165 Colo. 447, 439 P.2d 733 (1968). Under the circumstances of this case, we disagree.

Section 13–22–215(1)(a), C.R.S.1973 (1979 Cum.Supp.) provides that the court shall correct or modify an award of an arbitrator where:

"There was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award."

Similarly, C.R.C.P. 109(g) provides that relief from an arbitration award may be obtained on the grounds of "mistake, inadvertence, surprise or excusable neglect."

In the instant case, just prior to the time the arbitrator was to determine the amount due plaintiff under her uninsured motorist protection, this court decided the case of *Nationwide Mutual Fire Insurance Co. v. Newton*, 40 Colo.App. 425, 579 P.2d 1178 (1978) and held that PIP payments should be deducted from the uninsured motorist award. However, on certiorari review of our judgment, in *Newton v. Nationwide Mutual Fire Insurance Co.*, 197 Colo. 462, 594 P.2d 1042 (1979), the Supreme Court held that a policy provision specifying that such deduction be made was "invalid and unenforceable, as contrary to public policy," and it reversed and remanded with directions that the trial court judgment be reinstated.

Here, the arbitrator's award was entered on the basis of the Court of Appeals' decision, but the principle underlying that award was rejected by the Supreme Court prior to the decision by the superior court. And, the superior court was bound to follow the ruling of the Supreme Court on the issue presented; hence, plaintiff was entitled to have the matter corrected in accordance with C.R.C.P. 109(g) and § 13–22–215, C.R.S.1973 (1979 Cum.Supp.).

Accordingly, the judgment of the superior court is affirmed.

RULAND, J., concurs.

PIERCE, J., dissents.

PIERCE, Judge, dissenting:

I do not agree with the majority's interpretation of *Newton v. Nationwide Mutual Fire Insurance Co.*, 197 Colo. 462, 594 P.2d 1042 (1979). I think it is significant that the court stated:

"[T]he 'No Fault' statute does not favor 'double recovery' of PIP benefits by the insured,"

and went on to say that:

"The proper method to preclude the possibility of recovery under PIP–type losses under both PIP and uninsured motorist coverages, would be to eliminate PIP paid benefits from the uninsured motorist *claim*, then allow recovery of the uninsured motorist benefits to the extent non–PIP benefits are proved, up to the policy limits." (emphasis in original)

Although this statement may be dictum, I consider it to be instructive.

Because the arbitrator here subtracted the amount of PIP benefits paid from the total amount of damages of $19,564 rather than from the $15,000 limit of the appellant's liability under the uninsured motorist clause, this arbitration award was arrived at in precisely the manner suggested by the court in *Newton*, and therefore did not constitute an error of law.

The "no fault" statute was in effect at the time this case was tried and its provisions are controlling here. The Supreme Court, in overruling the Court of Appeals in *Newton*, stated that this court had misinterpreted the statute. Where the Supreme Court has declared the public policy governing a statute that was in effect at the time the operative facts in a case occurred, then that public policy should be applied retroactively to correct the error made by the Court of Appeals. *Ohio Casualty Insurance Co. v. Guaranty National Insurance Co.*, 197 Colo. 264, 592 P.2d 397 (1979). *See Guaranty National Insurance Co. v. Ohio Casualty Insurance Co.*, 40 Colo.App. 494, 580 P.2d 41 (1978).

I would reverse the judgment and remand the cause to the trial court with directions to reinstate the arbitrator's award.