Richard R. ROLLINS and Dalrie A. Berg, Plaintiffs-Appellees,

v.

CITY OF NORTHGLENN, Colorado, Defendant-Appellant.

No. 82CA0307.

Colorado Court of Appeals, Div. II.

March 22, 1984.

Rehearing Denied April 26, 1984.

Certiorari Denied Nov. 13, 1984.

Stuart L. Boulter, P.C., Stuart L. Boulter, Roger W. Westlund, Denver, for plaintiffs-appellees.

McMartin, Burke, Loser & Fitzgerald, P.C., Herbert C. Phillips, Englewood, for defendant-appellant.

BERMAN, Judge.

In this declaratory judgment action, defendant appeals the trial court judgment in which it ordered that defendant furnish water and sewer connections to plaintiffs' property for tap fees effective in 1969. We reverse.

On March 24, 1969, plaintiffs, Richard Rollins and Dalrie Berg, entered into a Utility Extension Policy Agreement (UEPA) with the City of Thornton (Thornton), which was drafted by the Thornton City Attorney after some "intense negotiating." The primary purpose of this contract was to guarantee that Thornton would provide water and sewer service for plaintiffs and any assignees upon terms acceptable to both parties to that agreement. Paragraph 3(a) of the agreement provided that plaintiffs had until January 1, 1971, to elect in writing to have all their property described in the UEPA bound by that contract, in which case both plaintiffs and Thornton were to be bound by the connection and tap charges as set out in the contract for the term of that contract.

On December 12, 1969, plaintiffs and Thornton agreed to modify the UEPA by addition of an Addendum, drafted by the Thornton City Attorney, which, in essence, altered the method of payment for: (1) subsequent water hookups, and (2) water transmission lines, which were referred to by paragraph 10 of the UEPA. The Addendum provided that payment was required whether or not plaintiffs made an election under paragraph 3(a) of the UEPA.

Specifically, the Addendum allowed plaintiffs to substitute $4,000 plus four shares of Farmer's Highline Canal and Reservoir Company stock in lieu of a $28,000 payment for the water transmission lines. Plaintiffs' understanding was that this Addendum served as the written election required by paragraph 3(a) of the UEPA and that no further action was required on

their part to have their property included within the City's water services.

On December 29, 1971, plaintiffs assigned an easement on their property to Thornton to allow Thornton to construct waterlines. On December 24, 1973, plaintiffs sent a letter to Thornton "reaffirming" their intention to be included in Thornton's water and sewer service.

On December 15, 1978, plaintiffs sued Thornton to force it to honor the UEPA and provide water and sewer service at the 1969 rate frozen by plaintiffs' alleged election under paragraph 3(a) of the UEPA. On May 4, 1979, Thornton assigned all of its rights and delegated all its duties under the UEPA to the City of Northglenn.

On January 13, 1982, the trial court entered judgment ordering defendant to furnish water and sewer connections to plaintiffs for the tap fees effective in 1969. The court further ordered that, in accordance with the provisions of the UEPA, the contract constituted a covenant which was to run with the land and which was binding and was to inure to the benefit of the assigns and successors of the parties, as provided within that contract.

The court based its order on a number of factual findings, including: (1) By executing the Addendum, "plaintiffs committed themselves in all respects to develop their full acreage"; (2) "Plaintiffs' act of surrendering the actual water stock plus $4,000 was a commitment to the full optional end of the [UEPA] and the development of the full acreage"; (3) "The Addendum is sufficient intent without other formal notification pursuant to [UEPA paragraph] 3(a)"; (4) "The Addendum Agreement was fully intended to commit and exercise that portion of the contract paragraph 3(a) and in effect it exercised paragraphs 3(a) and 3(b)"; and (5) "Plaintiffs did, in fact, comply with the condition of paragraph 3(a)."

The only issue we address in this appeal is whether the trial court erred in holding that the Addendum of December 12, 1969, constituted the written election contemplated by paragraph 3(a) of the UEPA. Because we hold that the trial court did so

err, we need not address defendant's second contention that plaintiffs' action was barred by laches.

■ We note initially that there is no dispute about the relevant material facts in this case. The only issue in dispute is the legal conclusion drawn by the trial court from those facts. And, inasmuch as the written contract is complete and unambiguous, we are not bound by the trial court's conclusion, but rather may arrive at our own interpretation. *See Eisenhower Osteopathic Hospital v. Taylor*, 43 Colo.App. 498, 609 P.2d 1114 (1979).

Paragraph 3(a) of the UEPA provides as follows:

"From the date of this contract to January 1, 1971, the owner [plaintiffs] may, in writing, elect to have all of the property described herein bound by the terms of this Contract in which event the City and Owner will be bound by the connection and tap charges as set out in this Contract during the term of this Contract."

Both parties agree that paragraph 3(a) is an "option clause." During the option period, March 24, 1969, through January 1, 1971, plaintiffs could exercise the option *in writing*. The effects of exercising the option would have been: (1) to require plaintiffs to obtain water and sewer services *exclusively* from Thornton, instead of from any other water and sewer suppliers in the north metropolitan area; and (2) to freeze the connection fees chargeable by Thornton to plaintiffs.

■ However, a necessary prerequisite to the effective exercise of an option is strict compliance with its terms. *Sports Premiums, Inc. v. Kaemmer*, 42 Colo.App. 172, 595 P.2d 696 (1979); *Rosenthal v. Sandusky*, 35 Colo.App. 220, 533 P.2d 523 (1975).

■ Here, the Addendum does not comply, strictly or otherwise, with the terms of the option. The Addendum made no reference whatsoever to paragraph 3(a) or to any "election" or "option." Nowhere in the Addendum is water or sewer service

requested by plaintiffs, nor is there any mention of the freezing of connection charges. Moreover, the Addendum expresses no intention or commitment on the part of the plaintiffs to receive water and sewer services exclusively from Thornton. Overall, no one reading the Addendum could reasonably glean from its terms any hint of a written election pursuant to paragraph 3(a) of the UEPA.

Plaintiffs' *belief* that the Addendum constituted effective exercise of the paragraph 3(a) option is irrelevant absent the objective manifestation of such an intention in strict compliance with the terms of the option. The fact that the Addendum changed the *method* of payment for water hookups and transmission lines does not lend support to plaintiffs' belief that the option was exercised since payment, by whatever method, was required whether or not plaintiffs made an election under paragraph 3(a) of the UEPA.

Moreover, plaintiffs' December 24, 1973, letter to Thornton cannot amount, retroactively, to an exercise of the option. The reasoning behind this is obvious: First, the letter was dated nearly three years after the expiration of the option; second, it is logically impossible for plaintiffs to have "reaffirmed" their intention to be included in Thornton's water and sewer service when such intention was never affirmed or articulated in the first instance.

Finally, there is no reason to construe the terms of the UEPA or the Addendum against defendant because the trial court did not find the terms of either document to be ambiguous. *Cf. Perl-Mack Enterprises Co. v. Denver*, 194 Colo. 4, 568 P.2d 468 (1977). Since the meaning of the Addendum is clear on its face, it must be enforced as written. *See Lampley v. Celebrity Homes, Inc.*, 42 Colo.App. 359, 594 P.2d 605 (1979). As written, the Addendum fails to articulate any intent on the part of plaintiffs to exercise their option under paragraph 3(a) of the UEPA.

The judgment is reversed and the cause is remanded with directions to dismiss plaintiffs' action.

KELLY and BABCOCK, JJ., concur.