**William FOUST, Petitioner–Appellee,**

v.

**AETNA CASUALTY & INSURANCE COMPANY, Respondent–Appellant.**

**No. 88CA0204.**

Colorado Court of Appeals,
Div. IV.

July 6, 1989.

Rehearing Denied Aug. 10, 1989.

Certiorari Denied Jan. 29, 1990.

Norton Frickey & Associates, P.C., Dan W. Corson, Lakewood, for petitioner-appellee.

Long & Jaudon, P.C., Dennis W. Brown, Denver, for respondent-appellant.

Opinion by Judge REED.

Aetna Insurance Company appeals the district court order adding interest and costs to the arbitration award in favor of William Foust. We reverse.

Foust claimed benefits under the uninsured motorist provisions of his insurance policy with Aetna. The claim, together with Foust's contention that under the policy he was entitled to prejudgment interest upon the award and costs, was submitted to arbitration. An award was made in favor of Foust, but his request for interest and costs was denied.

The arbitrator determined that the right to interest and costs was a substantive right created by statute, in particular, § 13–16–104 and § 13–21–101(1), C.R.S. (1987 Repl.Vol. 6A). Accordingly, he determined that since interest and costs were not specifically provided for in the insurance policy, they were not recoverable. Foust successfully petitioned the district court for the addition of interest and costs to the arbitration award. This appeal followed.

Aetna contends that the district court erred in modifying the arbitration award since no statutory grounds existed therefor. We agree.

■ An arbitration award is binding upon the parties, *Judd Construction Co. v. Evans Joint Venture*, 642 P.2d 922 (Colo. 1982), as to the issues submitted for arbitration. *In re Arbitration between Lynch and Three Ponds Co.*, 656 P.2d 51 (Colo. App.1982). The merits of an arbitrator's award are not subject to review by the courts. *Checkrite of San Jose, Inc. v. Checkrite, Ltd.*, 640 F.Supp. 234 (D.Colo. 1986). Since an arbitrator is the final judge of questions of law and fact, the award will not be reviewed by a court merely because of a claimed mistake on the merits. *International Service Insurance Co. v. Ross*, 169 Colo. 451, 457 P.2d 917 (1969). An award can be vacated, modified, or corrected by the court only for the statutory grounds set forth in § 13–22–214 or § 13–22–215, C.R.S. (1987 Repl.Vol. 6A).

Here, Foust sought correction under § 13–22–215(1)(a), which provides that the court shall modify or correct the award if:

"There was an evident miscalculation of figures or an evident mistake in the description of any person, thing, or property referred to in the award."

An "evident miscalculation of figures" refers only to "mathematical errors committed by arbitrators which would be patently clear to a reviewing court." *Morrison–Knudsen Co. v. Makahuena Corp.*, 66 Haw. 663, 675 P.2d 760 (1983). In *Creative Builders, Inc. v. Avenue Developments, Inc.*, 148 Ariz. 452, 715 P.2d 308 (1986), the court held, applying a statute identical to the one quoted above, that if the claim of pre-award interest was included in the issues submitted for arbitration but not granted by the arbitrators, the trial court may not modify the award to include pre-award interest. Thus, the intent of the arbitrators was fulfilled.

We are aware of this court's decision in *Atencio v. Mid–Century Insurance Co.*, 619 P.2d 784 (Colo.App.1980), but find the case to be inapposite. In *Atencio*, modification of the arbitration award was warranted under § 13–22–215(1)(a) and C.R. C.P. 109(g) because the arbitrator intended to calculate the award in accordance with the express directions of a specific appellate decision which directions were subsequently modified by our supreme court during the interim between arbitration and court correction of the award. Thus, in *Atencio*, the intent of the arbitrator was fulfilled by the judicial correction of the miscalculation.

■ Significantly, under the provisions of C.R.C.P. 109, a "mistake" of the arbitrator which permits a modification must be "so gross as to evidence that the award did not actually represent the arbitrator's intent." *See Granite State Insurance Co. v. Dundas*, 34 Colo.App. 382, 528 P.2d 961 (1974). We conclude, similarly, that modification of an arbitration award is authorized under § 13–22–215(1)(a) only if it seeks to effectuate the clearly expressed intent of

the arbitrator by correcting a mathematical error without altering his conclusion on the merits.

In the instant case, the court's modification of the award is diametrically opposed to the intent of the arbitrator. Here, it was the intent of the arbitrator specifically to deny interest and costs upon his interpretation of the contract terms and his award clearly represented this intent. Therefore, the trial court erred in modifying the arbitration award.

The order of the trial court is reversed.

PLANK and DUBOFSKY, JJ., concur.