**UNITED STATES FIDELITY & GUARANTY COMPANY, as Subrogee of Jewish Community Center and Fran Sterling, Plaintiff–Appellee and Cross–Appellant,**

v.

**BUDGET RENT–A–CAR SYSTEMS, INC., Defendant–Appellant and Cross–Appellee.**

No. 90CA1530.

Colorado Court of Appeals, Div. I.

Oct. 10, 1991.

Rehearing Denied Nov. 7, 1991.

Certiorari Granted April 27, 1992.

Dickinson, Everstine, Kelly & Prud'Homme, Michelle R. Prud'Homme, Denver, for plaintiff-appellee and cross-appellant.

Cooper & Kelly, P.C., Elizabeth A. Starrs, John R. Mann, Denver, for defendant-appellant and cross-appellee.

Opinion by Judge PIERCE.

Budget Rent-a-Car Systems, Inc., a self-insurer, appeals an order of the trial court which apportioned liability between its policy and a policy by United States Fidelity & Guaranty Company. On cross-appeal, USF

& G requests, if the apportionment order is set aside, that we review a previous order of the trial court which enforced the excess provision in Budget's policy rather than declaring that policy to be the sole primary coverage. We reverse the order of apportionment and affirm the order finding co-primary coverage.

The dispute at issue arises from an automobile accident in which two children were injured. Budget, as owner of the automobile, provided liability insurance pursuant to the rental agreement with the renter which selected the driver. As stated therein, the liability insurance provided was in conformance with the requirements of the applicable no-fault law. The excess clause at issue reads:

"B. If any coverages herein cannot be excluded or waived, Renter agrees that such coverages shall be automatically reduced to the minimum requirements of any financial responsibility or other applicable law and that such coverages shall be excess to any other applicable insurance."

The renter was also insured through USF & G, by a policy which extended coverage to "any auto." This policy also contains an "excess" or "other insurance" clause which reads, in pertinent part:

"B. OTHER INSURANCE.

"1. For any covered *auto you* own this policy provides primary insurance. For any covered *auto you* don't own, the insurance provided by this policy is excess over any other collectible insurance.

. . . .

"2. When two or more policies cover on the same basis, either excess or primary, *we* will pay only *our* share. *Our* share is the proportion that the limit of *our* policy bears to the total of the limits of all the policies covering on the same basis." (emphasis in original)

## I.

■ USF & G contends, on cross-appeal, that the trial court erred in finding the policies to be co-primary. Specifically, USF & G argues that Budget's excess clause is invoked through the invalid restriction on the class of authorized drivers, which is an improper attempt to limit or dilute the mandatory statutory coverage specified in § 10–4–705(1), C.R.S. (1987 Repl.Vol. 4A). Hence, it concludes that, since Budget's excess clause is so triggered, it is never invoked and Budget's policy remains the sole primary policy.

We note, first, that the class of authorized drivers prescribed in the rental agreement is not part of the enumerated use restrictions. In addition, the plain language of Budget's policy refutes USF & G's assertions. The inability of Budget to exclude or waive coverage will not invoke the excess clause. Rather, it will become effective only if there exists "other applicable insurance." The clause should be construed and invoked according to its plain terms. *See Chacon v. American Family Mutual Insurance Co.,* 788 P.2d 748 (Colo. 1990).

Likewise, enforcement of Budget's excess clause does not dilute the coverage required by law, but affects only the insurers and the primacy of their policies. *See* G. Couch, *Cyclopedia of Insurance Law* § 62:70 (M. Rhodes rev. 2d ed. 1983). Because both policies contain an "other insurance" clause which cannot be reconciled, each policy must make payment. *See Allstate Insurance Co. v. Frank B. Hall & Co.,* 770 P.2d 1342 (Colo.App.1989).

## II.

■ In circumstances such as at issue here, there are two principal methods followed for apportionment of the insurance coverage.

The majority approach as a method of apportionment prorates losses on the basis of the maximum coverage provided in each policy. *See Empire Casualty Co. v. St. Paul Fire & Marine Insurance Co.,* 764 P.2d 1191 (Colo.1988).

The minority approach reflects an attempt to alleviate the unfairness to the larger insurer perceived to exist under the majority method by requiring the insurer with the smaller limits to first exhaust its

policy limits. Such "unfairness" stems from the majority approach's reliance on the "partial fiction" that there exists a proportionality between the maximum limits and the premiums charged.

The premise of the minority approach is that, even though an insurer has insured a party against high loss, it should not have to pay more in a low loss situation than would another company which insured against just such an occasion. The minority approach has been applied by this court in *Guaranty National Insurance Co. v. Ohio Casualty Insurance Co.*, 40 Colo. App. 494, 580 P.2d 41 (1978), *rev'd on other grounds, Ohio Casualty Insurance Co. v. Guaranty National Insurance Co.*, 197 Colo. 264, 592 P.2d 397 (1979), to cover certain situations.

In addition, the existence of a third method has been noted. *See Empire Casualty Co. v. St. Paul Fire & Marine Insurance Co., supra* (proration based upon the loss each insurer would sustain without the other). And, general approach to apportionment may also be rejected in favor of a method of proration designated in the policies. *See Dairyland Insurance Co. v. Drum*, 193 Colo. 519, 568 P.2d 459 (1977); *Eisenhower Hospital Osteopathic v. Taylor*, 43 Colo.App. 498, 609 P.2d 1114 (1979).

Budget contends that the trial court erred in apportioning liability according to the minority approach. Here, an explicit method of proration is set forth in USF & G's policy. However, because a method of proration is prescribed in only one of the policies, this is a matter of first impression, and the issue before us is whether it is appropriate in this situation to apply that prescribed method to both insurers. We conclude that, under the circumstances of this case, liability is to be apportioned according to the method set forth in the USF & G policy.

USF & G's policy limit is $1 million. Budget's policy limit is $50,000. The amount of loss for which compensation must be apportioned is $148,328.68. Under the minority approach used by the trial court, Budget is responsible for its full limit of $50,000 and USF & G is responsible for the remaining $98,328.68.

The method set forth by the USF & G policy, which is essentially the majority approach, apportions liability based on the proportion each policy limit bears to the total limits of both policies. By this method, Budget would contribute approximately $7,000 with USF & G contributing approximately $141,000. These amounts reflect the ratio of the policy limits at 20 to 1.

USF & G urges us to follow the minority approach, pursuant to existing Colorado precedent favoring this method. It contends that the minority approach will give each insurer the benefit of its bargain with the insured, and it would be inequitable to use its policy's method in the absence of a similar clause in Budget's policy. We disagree.

In its discussion of reasons for the inclusion of such a method in the policy clause itself, our supreme court stated:

> "These clauses were no doubt drafted by the insurance companies with the goal of limiting liability if apportionment should prove necessary. The fact that the insurer with the lower policy limits will always benefit from such clauses is insufficient to deny their application."

*Dairyland Insurance Co. v. Drum, supra.* While the instant situation differs from that presented in *Dairyland* in that both policies there prescribed the same method, there is no reason under these facts not to give effect to the method prescribed in USF & G's policy.

USF & G inserted such provision with no guarantee that it would be the insurer with the lower policy limits. And, there can be no prejudice to USF & G in holding it to the terms of its contract. *See Kane v. Royal Insurance Co.*, 768 P.2d 678 (Colo.1989) (unambiguous contracts should be enforced according to their terms).

Even if we assume the minority approach to apportionment remains the law in Colorado, there is no compelling reason to disregard this policy provision to follow the general minority approach, since a fact situation applicable when the minority approach was preferred is not presented here.

*See Guaranty National Insurance Co. v. Ohio Casualty Insurance Co., supra.* Likewise, under these facts, there is no prejudice to Budget if apportionment is made pursuant to USF & G's contract.

The trial court's order of apportionment is reversed, and the cause is remanded with directions to apportion liability pursuant to USF & G's contract. The order which is the subject of the cross-appeal is affirmed.

HUME and MARQUEZ, JJ., concur.