**In the Matter of the Arbitration Between: Robert P. LYNCH, Appellee,**

**and**

**THREE PONDS CO., a Joint Venture, Appellant.**

No. 82CA0314.

Colorado Court of Appeals, Div. I.

Aug. 19, 1982.

Rehearing Denied Sept. 16, 1982.

Certiorari Denied Jan. 10, 1983.

Jeffrey A. Springer, P.C., Jacqueline H. Berardini, Denver, for appellee.

Daniel, McCain & Brown, Edward A. Brown, Brighton, for appellant.

COYTE, Judge.

Three Ponds Co. appeals from a judgment of the trial court affirming an arbitration award. We affirm in part and reverse in part.

Three Ponds is a joint venture organized in 1971. The joint venture agreement entered into by the parties called for formal arbitration in the case of irreconcilable conflict among the members of the joint venture. The agreement provided that all arbitrations were to be conducted pursuant to the rules of the American Arbitration Association. American Arbitration Association Rule 42 provides that the arbitrator can make any award which is just°and equitable and within the scope of the agreement.

In 1976 Three Ponds needed to raise additional funds. To these ends, members of the joint venture orally agreed to raise $200,000. A number of members signed a written ratification of the oral agreement to raise this money, addressed to the managing partner of the enterprise. These ratifications all stated that:

"Since we could not raise the $200,000 by agreement and assessment from all the members, this is to confirm and ratify that on or about August 10, 1976, I granted you, verbally, the authority to borrow $200,000 with interest at 25% on behalf of Three Ponds Co. in order to save the project."

Appellee, Robert P. Lynch, one member of the joint venture, demanded arbitration contending that the agreement was void since the proposed interest rates were commercially unreasonable. The arbitrator found the $200,000 in borrowed funds were a capital contribution and that 25% interest for the first year was proper and that thereafter the funds should draw interest at 12% per annum. The trial court affirmed the award of the arbitrator.

Three Ponds contends that the arbitrators' finding, that loans made by members of the joint venture were capital contributions, was void because such finding was outside the scope of the matters submitted to it for arbitration. We agree.

■ An arbitrator's jurisdiction to make an award is limited to the issues which are expressly submitted to it for determination in the parties' respective proposals for arbitration. *Wright Lumber Co. v. Herron,* 199 F.2d 446 (10th Cir.1952). If an arbitrator makes an award which is outside the scope of the issues submitted, that portion of the award which goes beyond the matters submitted to it for resolution is void for lack of jurisdiction. *Continental Materials Corp. v. Gaddis Mining Co.,* 306 F.2d 952 (10th Cir. 1962).

■ In his demand for arbitration, Lynch stated that the relief sought was:

An order enjoining the joint venture from paying any interest on the monies, described above, advanced to the joint venture by any members of said joint venture and declaring those purported loans to be void."

"In the alternative an order declaring that any monies advanced to the joint venture, as described above, by members of said joint venture to draw interest at the commercially reasonable going rate applicable to loans made on or about the same time under the same or similar circumstances and that said loans are to be satisfied within a reasonable time by the joint venture."

In the answer filed by Three Ponds, no additional issues were raised relative to the characterization of the loan.

As the respective demands for arbitration limited the arbitrators' jurisdiction, the arbitrators here were limited to determining whether in fact the loan was void, and if it was valid, what rate of interest was to be paid on the loan. At no place in the submission did either party request that the arbitrators characterize the loan as being anything other than a loan.

Accordingly, as the arbitrators went outside the scope of the submissions, that portion of the award declaring the $200,000 to be a capital contribution is void. Since the parties had not disputed that the money advanced was a loan, they will be left in the position they were in at the onset of this action with the advanced funds being characterized as a loan.

As the remainder of the arbitration award setting the amount and terms of interest is severable from the characteriza-

tion of the loan, those portions of the award relating to interest are not void. *See Wright Lumber Co. v. Herron, supra.*

■ With respect to the award of interest, the award is supportable and the result is not unreasonable in view of the fact that during the same period of time that the loans were made at 25% interest, several other loans were made by members of the joint venture to Three Ponds at 12% interest, all of which have been paid back by Three Ponds. Moreover, since the parties expressly submitted the issue of the proper rate of interest to the arbitrators for their determination and there was no showing that any grounds exist to vacate the award, the arbitrators' finding on the amount of interest will not be set aside. *Sisters of Mercy v. Mead & Mount Construction Co.,* 165 Colo. 447, 439 P.2d 733 (1968); C.R.C.P. 109.

Three Ponds lastly contends that the arbitrators' award is not binding on the individual members of the joint venture since they were not given notice of the proceedings. We disagree.

■ The substantive law of partnerships applies to joint ventures. *Bushman Construction Co. v. Air Force Academy Housing, Inc.,* 327 F.2d 481 (10th Cir.1964). As such, pursuant to the Uniform Partnership Act, § 7–60–112, C.R.S.1973, notice to the managing partner of the enterprise operates as notice to all joint venturers. *Spiker v. Hoogeboom,* 628 P.2d 177 (Colo. App.1981). Accordingly, since the managing partner of the enterprise received notice, all joint venturers involved in this transaction are deemed to have been given notice of the arbitration. Although the individual members of the joint venture chose not to respond, they are nonetheless bound by the arbitrators' award.

The judgment is reversed insofar as it affirmed the characterization of the loans as capital contributions, and is affirmed in all other respects.

VAN CISE and KELLY, JJ., concur.