JoAnne WILLIAMS, Petitioner,

v.

The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Self–Insurers Services, Inc., Respondents.

No. 92CA0864.

Colorado Court of Appeals, Div. III.

May 6, 1993.

Rehearing Denied June 10, 1993.

Certiorari Denied Dec. 6, 1993.

Cross–Petition for Certiorari Denied (Williams) Dec. 6, 1993.

Cucullu & Pring, Cynthia M. Pring, Colorado Springs, for petitioner.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John R. Parsons, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

Greengard Senter Goldfarb & Rice, Paul E. Collins, Denver, for respondent Self-Insurers Services, Inc.

Opinion by Judge NEY.

Claimant, Joanne Williams, contests an order of the Industrial Claim Appeals Panel requiring a change in her authorized health care provider. We set aside the order.

In October 1987, claimant was injured in an automobile collision in the course and scope of her employment. Respondents admitted liability for the injuries, and in January 1988, claimant was referred to Dr. Fecteau, an osteopath, who became her authorized treating physician. In August 1990, respondents filed a request for medical utilization review (M–U–R) pursuant to § 8–43–501, C.R.S. (1992 Cum.Supp.), to determine the medical necessity and appropriateness of Dr. Fecteau's treatment.

Contemporaneously with the M–U–R proceeding, respondents contested their liability for certain medical expenses and continued temporary disability benefits in claimant's benefits proceeding. Following two evidentiary hearings, the Administrative Law Judge (ALJ) entered an order dated April 17, 1991, finding that claimant continued to suffer neuropsychological impairment from a closed head injury that she sustained in the accident. The ALJ further found that claimant had not reached maximum medical improvement and that she would require cognitive retraining in order to return to work. The ALJ specifically determined that Dr. Fecteau's treatment of the claimant was reasonably necessary and appropriate.

One month later, on May 24, 1991, the Director of the Division of Labor (Director) entered an order in the M–U–R proceeding. Based on the reports and recommendations of the M–U–R committee members, the Director found that claimant's treatment by Dr. Fecteau was not reasonably necessary

and appropriate and ordered that a change of provider be made. Claimant appealed the Director's order as permitted under § 8–43–501(5), C.R.S. (1992 Cum.Supp.). However, the Director's order was upheld on administrative review to both an administrative law judge and the Panel.

On appeal to this court, claimant raises various contentions of error. We address only the issue of collateral estoppel, which we find to be dispositive.

Claimant argues that the necessity and reasonableness of her treatment by Dr. Fecteau was fully litigated and necessarily adjudicated by the ALJ in the prior benefits hearing. She argues that the ALJ's factual resolution precluded the subsequent entry of a conflicting order in the M–U–R proceeding. Under the facts of this case, we agree.

▰ In a proper case, the doctrines of *res judicata* and collateral estoppel may be applied in administrative proceedings. *Umberfield v. School District No. 11*, 185 Colo. 165, 522 P.2d 730 (1974).

▰ Collateral estoppel bars relitigation of an issue determined at a prior proceeding if (1) the issue precluded is identical to an issue actually litigated and necessarily adjudicated at the prior proceeding; (2) the party against whom estoppel is sought was a party to or was in privity with a party to the prior proceeding; (3) there was a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding. *Industrial Commission v. Moffat County School District Re No. 1*, 732 P.2d 616 (Colo.1987). If the doctrine applies, the final decision of an adjudicative body on an issue actually litigated is conclusive of that issue in a subsequent action.

Therefore, we must first determine whether the issue litigated during the M–U–R proceeding was identical to that litigated and adjudicated by the ALJ at the prior administrative hearing on benefits. We determine that it was.

Under the Workers' Compensation Act, an employer or its insurance carrier is required to provide an injured worker with reasonably necessary medical treatment at the time of the injury and thereafter during the disability "to cure and relieve the employee from the effects of the injury." Section 8–42–101(1)(a), C.R.S. (1992 Cum. Supp.).

The M–U–R statute was enacted by the General Assembly in 1988, *see* Colo.Sess. Laws 1988, ch. 49 at 375, to ensure that employers and insurers are not responsible for treatment that is 1) unrelated to a compensable injury, 2) not reasonably necessary, or 3) not reasonably appropriate according to accepted professional standards. Section 8–43–501(1), C.R.S. (1992 Cum.Supp.).

The General Assembly's use of the disjunctive "or" demarcates different categories. *See Bloomer v. Board of County Commissioners,* 799 P.2d 942 (Colo.1990).

If one or more of the foregoing categories is found to exist, the committee is authorized under § 8–43–501(1) & 8–43–501(3)(c), C.R.S. (1992 Cum.Supp.) to "remedy" the problem by recommending (1) a change of authorized health care provider, (2) a retroactive denial of payment to the treating provider, or (3) a revocation of the provider's accreditation under § 8–42–101, C.R.S. (1992 Cum.Supp.).

In this case, the committee members were provided a written form which instructed them to check "yes" or "no" to three questions: (1) whether there was sufficient documentation to allow the determination of the "medical necessity" of the treatment provided; (2) whether the claimant should continue with his/her current [medical] provider; and (3) whether payment to the provider should be denied retroactively and, if so, to what · date. In addition, committee members were instructed to submit a written narrative report reflecting how they had arrived at their conclusions.

Although the M–U–R committee in this case recommended a change in treating physician, the committee members did not rely on the statutory criteria under § 8–43–501(1) in making their recommendations; rather, the committee members merely opined, in general terms, that claimant's treatment had been "excessive" or that some of the treatment either was unconventional or was unrelated to her work injury.

█ In the prior benefits hearing, the parties had presented conflicting medical testimony and other evidence regarding the respondents' liability for certain disputed medical benefits. Following a full adversarial hearing, the ALJ determined that all of claimant's medical treatment through the date of hearing was reasonably necessary within the meaning of § 8–42–101(1)(a), C.R.S. (1992 Cum.Supp.) and that all of Dr. Fecteau's referrals to other providers were necessary and appropriate. The ALJ stated:

> [A]ll of the Claimant's contested medical difficulties and subsequent treatment are directly related to Claimant's injury of October 30, 1987. *Dr. Fecteau remains Claimant's primary physician and the Administrative Law Judge finds the medical care and referrals provided by her to be reasonable and necessary to alleviate the effects of this injury.* (emphasis added)

The ALJ's order was entered on April 17, 1991. The M–U–R committee members did not submit their individual reports to the Director until April 24th through May 13th, 1991, and the Director did not enter an order based on the committee reports until May 24, 1991.

We agree with claimant that the necessity and appropriateness of Dr. Fecteau's treatment was fully litigated and necessarily decided by the ALJ in the prior benefits hearing.

Secondly, it is undisputed that the same parties were involved in the same capacity in both proceedings and that both proceedings considered the propriety of claimant's medical treatment from the date of her injury in 1987.

Third, there was a final adjudication on the merits. Although it is unclear from the

record before us whether respondents sought review of the ALJ's April 1991 order, that order constitutes a final order to which the doctrine of collateral estoppel may be applied in a subsequent administrative proceeding. *See Jefferson County School District No. R–1 v. Industrial Commission,* 698 P.2d 1350 (Colo.App. 1984).

Because there was a full and fair opportunity to litigate in the administrative hearing, we conclude that collateral estoppel is applicable and precludes a validation of the Director's M–U–R order of May 24, 1991. To hold otherwise would result in an anomalous situation in which the same reviewing court could be compelled to affirm conflicting orders from the two separate administrative proceedings. To avoid such inconsistencies, the doctrine of collateral estoppel must be applied to preclude the entry of a conflicting order in the M–U–R proceeding.

 We emphasize that our holding is limited to instances in which an M–U–R action has proceeded contemporaneously with an administrative adjudication of benefits. If, as here, the two actions occur contemporaneously and consider the same medical treatment over essentially the same period of time, the administrative adjudication must be given preclusive effect. This would be true even if the M–U–R recommendation precedes the administrative adjudication. This is because the M–U–R proceeding does not permit an evidentiary hearing of any kind and, thus, does not grant the parties a full and fair opportunity in which to litigate the necessity, reasonableness, or appropriateness of the medical care in question. *See Hargett v. Industrial Claim Appeals Office,* 854 P.2d 1316 (Colo.App.1992); *Montoya v. City of Colorado Springs,* 770 P.2d 1358 (Colo. App.1989).

Obviously, if substantial changes in facts or circumstances have occurred subsequent to an administrative adjudication of medical benefits, the doctrine of collateral estoppel would not bar a separate M–U–R proceeding. *See Whelden v. Board of County Commissioners,* 782 P.2d 853 (Colo.App. 1989).

Because the ALJ's adjudication precluded the entry of a conflicting order in the M–U–R proceeding, the Panel and the ALJ erred in affirming the Director's order of May 24, 1991.

In view of our disposition, we do not address claimant's remaining contentions.

The Panel's order affirming the M–U–R order is set aside.

STERNBERG, C.J., and CRISWELL, J., concur.