**USAA PROPERTY AND CASUALTY COMPANY, Plaintiff–Appellee,**

v.

**Barrie BRADY, Defendant–Appellant.**

No. 92CA1692.

Colorado Court of Appeals,
Div. III.

Dec. 30, 1993.

Retherford, Mullern, Johnson & Bruce, Neil C. Bruce, Colorado Springs, for plaintiff-appellee.

Ronald A. Peterson, Colorado Springs, for defendant-appellant.

Opinion by Judge PLANK.

In this declaratory judgment action concerning uninsured motorist benefits under an automobile insurance policy, defendant, Barrie Brady, appeals from judgment entered in favor of plaintiff, USAA Property & Casualty Company. We affirm.

On November 14, 1986, defendant was injured in an automobile accident while riding as a passenger in a vehicle driven by plaintiff's insured. The other driver involved in the accident was uninsured. In November of 1987, plaintiff paid defendant a sum of money for the settlement and release of claims for uninsured motorist benefits arising from the 1986 accident.

In February of 1991, defendant demanded arbitration with plaintiff under the uninsured motorist coverage because of injuries which allegedly resulted from the 1986 accident. Defendant claims she was unaware of these injuries when she signed the release in 1987.

In response to defendant's demand for arbitration, plaintiff filed a declaratory judgment action and requested the trial court to declare that it owed no duty to arbitrate insurance coverage of defendant's newly discovered injuries. Plaintiff asserted that, because defendant had signed the release in 1987, she was barred from bringing any claim for uninsured motorist benefits pursuant to the policy.

The uninsured motorist section of the insurance policy issued by the plaintiff contained the following arbitration clause:

If [the insurer] and a covered person do not agree:

1. Whether that person is legally entitled to recover damages under this Part; or

2. As to the amount of damages; either party may make a written demand for arbitration.

This arbitration clause is a particular or limited clause in that the policy provides for the arbitration of limited fact issues. *International Service Insurance Co. v. Ross,* 169 Colo. 451, 457 P.2d 917 (1969).

Here, the trial court's approach was first to determine whether the release signed by defendant was valid. In the trial court's view, this determination was a prerequisite to arbitration. It stated: "[I]f the release is valid the arbitration is precluded because the defendant contracted away that right to arbitration as to the claims arising from the injuries in the 1986 accident. If not, the arbitration is proper."

The trial court, after taking evidence concerning the injury, concluded that it was not related to the accident of November 14, 1986. The trial court ruled that the release signed by defendant was valid and that, accordingly, defendant was precluded from any further action, including arbitration, against plaintiff for damages.

 Defendant now asserts that the trial court erred in deciding that plaintiff owed no obligation to defendant to arbitrate her uninsured motorist claim. Rather, defendant asserts that under the arbitration section of the uninsured motorist clause, the determination of whether defendant is legally entitled to damages should be decided in arbitration. We disagree.

The effect of signing a release is the relinquishment of a vested right or claim to a person or entity against whom a claim is enforceable. *Neves v. Potter*, 769 P.2d 1047 (Colo.1989).

Here, the release signed by defendant contained the following language:

I, Barrie Brady ... for and in consideration of the sum of $8,000.00 ... do release and *forever* discharge [plaintiff] from *any and all liability* under policy No. 231–97–28.... It is understood and agreed that this is a *full and final settlement of any and all claims* for damages, both known and unknown, that I may have under the Protection Against Uninsured Motorists section of policy No. 231–97–28 issued ... by [plaintiff]. (emphasis added)

Given the plain language used in the release, we conclude that defendant relinquished her rights to arbitrate under the insurance policy when she signed the release.

Furthermore, the uninsured motorist section of the policy makes no mention of the arbitrability of a release. Consistent with the principles contained in the Uniform Arbitration Act, § 13–22–201, et seq., C.R.S. (1987 Repl.Vol 6A), if a contract is not susceptible to a construction mandating arbitration, then the parties cannot be compelled to arbitrate. *See Cabs, Inc. v. Delivery Drivers, Warehousemen & Helpers Local Union*

*No. 435*, 39 Colo.App. 241, 566 P.2d 1078 (1977).

Accordingly, we conclude that the trial court had jurisdiction to determine the validity of the release. And, having determined that the release was valid, the court properly held that defendant was not entitled to arbitration.

Judgment affirmed.

METZGER and HUME, JJ., concur.