STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff–Appellant,

v.

Renee W. STEIN, Brent Stein, Monte Stein, Dionne Stein, and Sarah Stein, Defendants–Appellees.

No. 93CA1143.

Colorado Court of Appeals, Div. IV.

Nov. 17, 1994.

Levy and Lambdin, P.C., Marc R. Levy, Bradford L. Buchanan, Englewood, for plaintiff-appellant.

Gary H. Hemminger, P.C., Gary H. Hemminger, Denver, for defendants-appellees.

Opinion by Judge ROTHENBERG.

Plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), appeals from the trial court judgment confirming an arbitration award entered in favor of defendants, Renee W., Brent, Monte, Dionne, and Sarah Stein (insureds). We reverse and remand with directions.

### I.

In September 1991, Joel Stein was killed when the bicycle he was riding was struck by an uninsured motorist. At the time of the accident, Joel Stein and his wife Renee were holders of five State Farm automobile insurance policies. Each policy provided uninsured motorist coverage of $100,000 per person and each contained an "anti-stacking" provision.

Renee Stein, individually and as guardian for her four children, submitted a claim to State Farm for $500,000 in damages suffered as a result Joel Stein's death. State Farm responded by paying insureds $100,000, representing the pro rata proceeds of the five insurance policies and the maximum limits of coverage available, after application of the policies' anti-stacking provisions.

In April 1992, insureds submitted a demand for arbitration pursuant to the terms of the policies. State Farm then filed a complaint for declaratory relief seeking a determination of whether the policy coverages could be stacked despite the anti-stacking provisions.

Insureds filed a motion to dismiss State Farm's complaint, claiming that, under the terms of the policies, arbitration was a condition precedent to litigation. In response, State Farm asserted that the arbitration provisions were limited and did not include arbitrating the issue of whether stacking of coverages was permitted.

Each insurance policy provided:

Deciding Fault and Amount

Two questions must be decided by agreement between the insured and us:

1. Is the insured legally entitled to collect damages from the owner or driver of the uninsured motor vehicle; and

2. *If so, in what amount?*

If there is no agreement, these questions shall be decided by arbitration upon written request of the insured or us. (emphasis added)

State Farm contended that the arbitration provisions in the policy allowed only a determination of whether an insured is entitled to legally collect damages from the uninsured motorist and, if so, the amount owed *by the owner or driver of the uninsured motor vehicle.* The policy language did not authorize arbitration of the extent of insurance coverage.

The trial court rejected State Farm's contention and granted insureds' motion to dismiss. It found that: (1) "whether stacking policy benefits or limits is permitted arguably is subsumed within the question of amount of damages"; and (2) the amount of damages is one of the arbitratable issues.

Following a hearing the arbitrators found, in a split decision, that: (1) the anti-stacking provisions apply to "pedestrians" and Stein was a pedestrian at the time of the accident; (2) under the holding of *Thompson v. Shelter Mutual Insurance Co.,* 835 P.2d 518 (Colo. App.1991), the anti-stacking provisions were void as against public policy; and (3) allowing the stacking of coverages, insureds are entitled to damages of $454,000 minus $100,000 for the amount previously received.

The trial court confirmed the arbitration award and entered judgment thereon. Shortly thereafter, the *Thompson* decision was reversed by the supreme court. *Shelter Mutual Insurance Co. v. Thompson,* 852 P.2d 459 (Colo.1993) (anti-stacking provisions are not void in Colorado). However, the trial court denied State Farm's motion to vacate the judgment on that basis.

## II.

State Farm claims that the issue of whether insureds were entitled to stack the uninsured motorist benefits was a nonarbitratable issue and, therefore, that the arbitrators lacked authority to arbitrate the anti-stacking issue. We agree.

Initially, we note that the issues before a court in a proceeding to confirm an arbitration award are limited to whether grounds exist to vacate, modify, or correct the award under § 13–22–213, C.R.S. (1987 Repl.Vol. 6A). And, absent such statutory grounds, the court "shall confirm the award." Section 13–22–213. Here, State Farm relies upon § 13–22–214(1)(a)(III), C.R.S. (1987 Repl.Vol. 6A) (requiring court to vacate an arbitration award when the arbitrators exceeded their powers).

Arbitration is favored as a method of resolving disputes. *Judd Construction Co. v. Evans Joint Venture,* 642 P.2d 922 (Colo.1982). However, the district court is empowered to stay arbitration proceedings upon a showing that there is no agreement to arbitrate. And, when it is apparent from the language of the contract that the issue sought to be arbitrated is beyond the scope of the arbitration clause, a court cannot order arbitration. *Cabs, Inc. v. Delivery Drivers,*

*Warehousemen and Helpers Local Union No. 435,* 39 Colo.App. 241, 566 P.2d 1078 (1977). *See also State Farm Mutual Automobile Insurance Co. v. Cabs, Inc.,* 751 P.2d 61 (Colo.1988).

If an arbitrator makes an award which is outside the scope of the issues submitted, that portion of the award which goes beyond the matters submitted to it for resolution is void for lack of jurisdiction. *Lynch v. Three Ponds Co.,* 656 P.2d 51 (Colo.App. 1982).

Here, the trial court found that the issue of whether stacking of benefits is permitted "arguably is subsumed" within the question of the amount of damages. Accordingly, it concluded that the arbitrators should address whether the stacking issue is subject to arbitration and whether stacking of benefits is permitted.

However, we agree with State Farm that the trial court erred in finding the arbitrators had the authority to decide the stacking issue.

There are two types of arbitration clauses: (1) the unlimited arbitration clause requiring arbitration of any and all disputes arising out of a contract; and (2) a limited arbitration clause providing for the arbitration of specific types of disputes arising out of a contract. *International Service Insurance Co. v. Ross,* 169 Colo. 451, 457 P.2d 917 (1969); *USAA Property & Casualty Co. v. Brady,* 867 P.2d 203 (Colo.App.1993).

The arbitration clause in these insurance policies is a limited clause, and it unambiguously provides for the arbitration of only two issues: (1) whether the insured is legally entitled to collect damages from the uninsured motorist and (2) the amount of those damages. Thus, if the insured and the insurance company disagree over whether the insured is legally entitled to collect damages from the uninsured motorist, or if they are unable to agree on the amount of the insured's damages "from the owner or driver of the uninsured motor vehicle," then those issues, and those issues only, may be submitted to arbitration.

Other issues in dispute between the parties, such as the extent of insurance coverage under the policy, are not subject to arbitration unless the parties agree to submit them to arbitration. *See International Service Insurance Co. v. Ross, supra; Cabus v. Dairyland Insurance Co.,* 656 P.2d 54 (Colo.App. 1982).

Since the issue of the applicability and validity of the anti-stacking clauses is not included within the arbitrable issues specified in the insurance policies, the arbitrators did not have the authority to address that issue.

Nor are we persuaded by insureds' contention that *Youmans v. District Court,* 197 Colo. 28, 589 P.2d 487 (1979) and *Cohen v. Quiat,* 749 P.2d 453 (Colo.App.1987) require a different result. Both cases involve unlimited arbitration clauses and require the arbitration of "any" disputes arising between the insured and the insurance company. In contrast, the arbitration clauses in issue here are limited in scope and provide for the arbitration of limited fact issues. *See International Service Insurance Co. v. Ross, supra; USAA Property & Casualty Co. v. Brady, supra.*

Given this disposition, we do not address insureds' contention that the arbitrators misconstrued the term "pedestrian" and thus erred in initially applying the anti-stacking provisions of the policies. On remand, that issue should be determined by the trial court.

The judgment confirming the arbitration order is reversed, and the cause is remanded for further proceedings consistent with this opinion.

MARQUEZ and CASEBOLT, JJ., concur.