Timothy D. LEAHY, Plaintiff–Appellant,

v.

GUARANTY NATIONAL INSURANCE CO., Defendant–Appellee.

No. 94CA1389.

Colorado Court of Appeals,
Div. IV.

June 1, 1995.

Rehearing Denied July 6, 1995.

Certiorari Denied Dec. 11, 1995.

Winston & Liston, P.C., Joseph R. Winston, Mary Ann Liston, LeHouillier & Associates, Patric J. LeHouillier, Colorado Springs, for plaintiff-appellant.

Watson, Nathan & Bremer, P.C., J. Andrew Nathan, Andrew J. Fisher, Denver, for defendant-appellee.

Opinion by Judge KAPELKE.

Plaintiff, Timothy D. Leahy, appeals from the summary judgment entered in favor of defendant, Guaranty National Insurance Co. We affirm.

Plaintiff was injured in an automobile accident in April 1990 while he was insured under an automobile insurance policy issued by defendant. In accordance with the insurance policy and the Colorado Automobile Accident Reparations Act (the No–Fault Act), defendant timely paid plaintiff's medical benefits claims until September 1991. After that time, it paid only a portion of the medical bills.

Plaintiff demanded arbitration of the disputed claims in February 1992. In September 1992, plaintiff filed this action, claiming that defendant had wrongfully refused to pay certain benefits under the No–Fault Act. Among other claims, the complaint sought

damages (including attorney fees, interest, costs, and exemplary damages) for allegedly willful and wanton conduct and bad faith breach of the insurance contract.

Defendant filed a motion for partial. dismissal of the complaint and requested a stay of the court proceedings pending arbitration. The trial court issued an order staying the entire action.

The arbitrators awarded plaintiff his unpaid medical bills, plus interest, reasonable attorney fees, and arbitration costs. However, a majority of the arbitration panel concluded that the evidence did not support an award of treble damages pursuant to the No–Fault Act, § 10–4–708(1.8), C.R.S. (1994 Repl.Vol. 4A). In so ruling, the panel concluded that defendant's conduct in failing to make certain payments was neither willful nor wanton nor "otherwise based on improper motive."

Thereafter, defendant filed a motion for summary judgment on plaintiff's claims for bad faith breach of contract and exemplary damages. In its supporting brief, defendant asserted that the doctrine of collateral estoppel precluded relitigation of these claims because the arbitrators had previously denied plaintiff's claims for treble damages based upon a determination that defendant had not engaged in willful and wanton misconduct. The trial court agreed and granted the motion.

■ Collateral estoppel, or issue preclusion, bars relitigation of an issue determined in a prior proceeding if: (1) the issue precluded is identical with an issue actually determined in a prior proceeding; (2) the party against whom estoppel is asserted has been a party to or in privity with a party in the prior proceeding; (3) there is a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted has had a full and fair opportunity to litigate the issue in the prior proceeding. *Maryland Casualty Co. v. Messina,* 874 P.2d 1058 (Colo.1994).

In this appeal, plaintiff contends that the first and fourth elements of the doctrine were not established and that the trial court

therefore erred in granting defendant's motion for summary judgment. We disagree.

## I.

■ Plaintiff first contends that the trial court erred in giving conclusive effect to the arbitration panel's determinations because the panel had no subject matter jurisdiction to determine the issues of defendant's bad faith and plaintiff's entitlement to exemplary damages. He further argues that he did not have a full and fair opportunity to litigate these issues because they were not raised by the pleadings in the arbitration proceeding. We perceive no reversible error.

■ The scope of an arbitration panel's jurisdiction depends upon the issues actually submitted to it for determination in the parties' proposals for arbitration. *See In re Arbitration between Lynch & Three Ponds Co.,* 656 P.2d 51 (Colo.App.1982). Thus, even when an arbitration provision specifies the issues to be submitted to the arbitrators, the parties may agree to submit to arbitration other matters in dispute between them. *See Cabus v. Dairyland Insurance Co.,* 656 P.2d 54 (Colo.App.1982) (parties may agree to expand an original arbitration and expanded agreement invests arbitrator with jurisdiction to determine all matters so submitted).

■ Further, in order for an issue to be "actually litigated" for purposes of collateral estoppel, the issue must have been raised by the parties in the previous action, by the pleadings or otherwise, submitted for determination, and determined. *Michaelson v. Michaelson,* 884 P.2d 695 (Colo.1994); Restatement (Second) of Judgments 27 comment d (1982).

Here, plaintiff's demand for arbitration contained the following allegations:

5. Respondent has unreasonably delayed or denied payment of the care providers['] billings. . . .

8. Respondent's delay or denial has been willful and wanton.

In addition, the record contains an affidavit signed by defendant's attorney, who was present during the arbitration hearing, stating that, over his objection, plaintiff was al-

lowed to call an expert witness to give an opinion "concerning bad faith issues." Thus, the issues were properly raised, and plaintiff had a full and fair opportunity to litigate them.

■ Under these circumstances, we conclude that plaintiff's submission to the arbitration panel of the issues of unreasonable, willful, and wanton delay and denial granted the panel jurisdiction to determine those issues and that, to the extent the panel's determination affected plaintiff's claims of bad faith and exemplary damages, the doctrine of collateral estoppel applies.

## II.

■ Plaintiff next contends that the doctrine of collateral estoppel was inapplicable to his bad faith breach of contract claim because the issue of bad faith was not identical with the issue of willful and wanton conduct under the no-fault statute. Again, we perceive no error.

■ An insured may recover for an insurer's bad faith breach of an insurance contract by proving by a preponderance of the evidence that the insurer's conduct was unreasonable and that the insurer either knew that its conduct was unreasonable or recklessly disregarded that fact. Further, the reasonableness of an insurer's conduct is measured by objective standards of conduct in the insurance industry. *Travelers Insurance Co. v. Savio,* 706 P.2d 1258 (Colo.1985). Thus, for example, bad faith conduct occurs when an insurer intentionally denies a claim without a reasonable basis. *Burgess v. Mid–Century Insurance Co.,* 841 P.2d 325 (Colo. App.1992).

Similarly, under statutory law, an insurer breaches the duty of good faith by delaying or denying payment of benefits without a reasonable basis. Section 10–3–1113(1), C.R.S. (1994 Repl.Vol. 4A). In addition, with respect to a policy of first-party insurance, the determination of the reasonableness of the insurer's conduct must be based on whether the insurer knew that its delay or denial was unreasonable or whether it recklessly disregarded the fact that its delay or denial was unreasonable. Section 10–3–1113(3), C.R.S. (1994 Repl.Vol. 4A).

For purposes of a statutory claim under § 10–4–708(1.8), "willful and wanton conduct . . . is established when an insurer acts without justification and in disregard of plaintiff's rights." *Burgess v. Mid–Century Insurance Co., supra,* 841 P.2d at 329.

Here, a majority of the arbitrators concluded that defendant's use of the Colorado Workers' Compensation Relative Value Schedule (WCRVS) was a permissible method for determining reasonableness of medical charges under the Colorado No–Fault Act for the time period in question. They further determined that, although the implementation of the WCRVS "could have been accomplished in a more considered manner," defendant's conduct was not "willful and wanton, or otherwise based upon improper motive."

Under these circumstances, we conclude that this finding amounted to a determination that defendant acted with a reasonable basis in delaying or denying payment of a portion of plaintiff's claims and that this finding is adverse to plaintiff on a critical element of his bad faith claim. Here, the finding was necessary to the panel's determination under § 10–4–708(1.8) of whether defendant acted without justification and in disregard of plaintiff's rights.

Accordingly, we further conclude that the trial court did not err in granting summary judgment in favor of defendant on plaintiff's bad faith claim based on the doctrine of collateral estoppel. *See Williams v. Industrial Claim Appeals Office,* 862 P.2d 1007 (Colo.App.1993) (order in workers' compensation benefits proceeding had collateral estoppel preclusive effect in medical utilization review proceeding); *Jefferson County School District No. R–1 v. Industrial Commission,* 698 P.2d 1350 (Colo.App.1984) (because identical issues were considered in teacher tenure proceeding and unemployment compensation proceeding, doctrine of collateral estoppel applied).

## III.

■ Plaintiff's final contention is that the doctrine of collateral estoppel does not apply

to his claim for exemplary damages because the issue of whether an award of treble damages is appropriate under the No–Fault Act is not identical with the issue of whether exemplary damages should be awarded for a bad faith breach of contract. Again, we disagree.

■ A request for an award of exemplary damages is inextricably tied to a plaintiff's underlying claim for actual damages and is therefore simply a component of a single claim for relief. *Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982).

Thus, in light of our conclusion that defendant's underlying bad faith claim is barred by the doctrine of collateral estoppel, we conclude that plaintiff's "claim" for exemplary damages is also barred.

Judgment affirmed.

MARQUEZ and DAVIDSON, JJ., concur.