**Larry WILLIAMS, Plaintiff–Appellant,**

v.

**GUARANTY NATIONAL INSURANCE COMPANY, Defendant–Appellee.**

No. 95CA1361.

Colorado Court of Appeals.
Div. I.

Feb. 20, 1997.

Rehearing Denied March 27, 1997.

Certiorari Granted Dec. 15, 1997.

Van Horne, Noall & Hodges, P.C., Richard M. Hodges, Denver, for Plaintiff–Appellant.

Watson, Nathan & Bremer, P.C., Ellis J. Mayer, J. Andrew Nathan, Denver, for Defendant–Appellee.

Opinion by Judge ROY.

Plaintiff, Larry Williams, appeals from a summary judgment in favor of defendant, Guaranty National Insurance Company, on his claim for bad faith breach of an insurance contract. We reverse and remand for further proceedings.

On September 22, 1990, plaintiff suffered injuries in an automobile accident. He was insured by defendant pursuant to a no-fault insurance contract. Plaintiff sought payment from defendant for reasonable and necessary medical care for injuries sustained in the accident.

In January 1993, plaintiff filed this action alleging a claim for breach of contract including a request for treble damages for willful and wanton conduct pursuant to § 10–4–708,

C.R.S. (1994 Repl.Vol. 4A) (contract claim), and a claim for bad faith breach of the insurance contract with general exemplary damages (tort claim). In his tort claim, plaintiff alleged, *inter alia*, that defendant unreasonably delayed payment of benefits and failed to investigate his claims in a reasonable and timely manner.

The trial court, upon defendant's motion, dismissed plaintiff's contract claim because of the statutory requirement that such claims be submitted to arbitration pursuant to § 10–4–708(1), C.R.S. (1994 Repl.Vol. 4A). The trial court stayed the tort claim pending the outcome of arbitration.

Following that dismissal, plaintiff requested arbitration of the contract claim, including the request for treble damages as authorized by the statute for a willful and wanton breach of the insurance contract. The arbitration panel considered only the contract claim and issued an award in plaintiff's favor with respect to the delay in paying and the failure to pay certain claims. The panel went on, however, to find that:

> The [defendant's] use of the Colorado Workers' Compensation Relative Value Schedule is not a willful and wanton breach of contract and is not culpable under Colorado law.

> The behavior patterns of [defendant] in processing payment of the [plaintiff's] medical expenses, while not condoned by the Arbitrators, did not individually or collectively constitute a willful and wanton breach of contract.

Defendant then filed a motion for summary judgment of the tort claim on the basis of collateral estoppel. Defendant argued that plaintiff was collaterally estopped from bringing the tort claim by virtue of the finding by the arbitration panel that defendant's conduct was not willful and wanton.

Ultimately, relying on *Leahy v. Guaranty National Insurance Co.*, 907 P.2d 697 (Colo. App.1995), the trial court granted the motion. This appeal followed.

■ Collateral estoppel bars relitigation of an issue determined in a prior proceeding if:

1) the issue precluded is identical to an issue actually determined in the prior proceeding; and

2) the party against whom estoppel is asserted has been a party to or in privity with a party in the prior proceeding; and

3) there is a final judgment on the merits in the prior proceeding; and

4) the party against whom the doctrine is asserted has had a full and fair opportunity to litigate the issue in the prior proceeding.

*Maryland Casualty Co. v. Messina*, 874 P.2d 1058, 1061 (Colo.1994); *see also Leahy v. Guaranty National Insurance Co., supra.* The dispositive issue here relates to the first element above, that is, whether the tort claim was fully litigated in the arbitration proceeding.

In *Leahy v. Guaranty National Insurance Co., supra,* the court found that the insured submitted his contract claim to arbitration prior to commencing litigation and presented evidence of both the contract and tort claims in the arbitration proceedings. The *Leahy* court applied collateral estoppel on the basis that the tort claim had, in fact, been submitted to, and decided by, arbitration.

Here, unlike in *Leahy,* the plaintiff first commenced this litigation alleging both contract and tort claims. Only the contract claim was submitted to, or considered by, the arbitration panel. In addition, it appears that in *Leahy,* the insured relied solely on the use by the insurer of the Colorado Workers' Compensation Relative Value Scale in adjudicating no-fault claims for both the contract and tort claims. Plaintiff's tort claim here does not appear to be so limited, as he asserts that defendant failed adequately to conduct an investigation of his claims.

■ The tort of bad faith is derived from "an implied duty of good faith and fair dealing 'grounded upon the special nature of the insurance contract and the relationship which exists between the insurer and the insured.' " *Lira v. Shelter Insurance Co.*, 913 P.2d 514, 519 (Colo.1996). The insurer's duty to act in good faith in handling an insured's claim is broader and encompasses more conduct than the narrow statutory duty to pay promptly medical benefits imposed under the No Fault

Act. *See* 1 J. McCarthy, *Recovery of Damages for Bad Faith* §§ 1.10 to 1.14 (5th Ed.1996 Supp.) (bad faith conduct includes: 1) inadequate investigation; 2) delay; 3) deception; 4) wrongful cancellation; and 5) non-disclosure of information).

In *Farmers Group, Inc. v. Williams*, 805 P.2d 419 (Colo.1991), our supreme court held that the contract claim under the No Fault Act did not preempt the common law tort remedy for bad faith breach of an insurance contract established in *Farmers Group, Inc. v. Trimble*, 691 P.2d 1138 (Colo.1984).

We conclude that, under the circumstances at issue here, the arbitration award was limited to deciding the contract claim did not collaterally estop the insured from separately and subsequently pursuing his tort claim. To the extent *Leahy v. Guaranty National Insurance Co., supra,* can be broadly read to require a different conclusion, we decline to follow it.

Having so held, we need not address the remaining issues raised by the parties.

The judgment is reversed and the cause is remanded for further proceedings.

HUME, J., concurs.

METZGER, J., dissents.

Judge METZGER, dissenting.

I respectfully dissent.

In my view, the decision in *Leahy v. Guaranty National Insurance Co.*, 907 P.2d 697 (Colo.App.1995) controls, notwithstanding the majority's efforts to distinguish it. Therefore, I believe the trial court's entry of summary judgment was correct.