Larry WILLIAMS, Plaintiff–Appellant,

v.

**GUARANTY NATIONAL INSURANCE COMPANY, Defendant–Appellee.**

No. 95CA1361.

Colorado Court of Appeals,
Div. I.

March 5, 1998.

Rehearing Denied April 2, 1998.

Certiorari Granted Nov. 16, 1998.

Van Horne, Noall & Hodges, P.C., Richard M. Hodges, Denver, for Plaintiff-Appellant.

Nathan, Bremer, Dumm & Myers, P.C., Ellis J. Mayer, J. Andrew Nathan, Denver, for Defendant-Appellee.

Opinion by Judge ROY.

In *Williams v. Guaranty National Insurance Co.*, 948 P.2d 14 (Colo.App.1997), we held the insured was not collaterally estopped from litigating a claim for a bad faith breach of an insurance contract following an arbitration of the statutory claim for the failure of the insurance carrier timely to pay PIP benefits which included a claim for treble damages based upon a willful and wanton failure to make timely payment of such benefits. Accordingly, we reversed the judgment in favor of the insurer.

On petition for certiorari review, the supreme court granted the petition, vacated our judgment, and remanded for our reconsideration in light of *Dale v. Guaranty National Insurance Co.*, 948 P.2d 545 (Colo. 1997). Upon that reconsideration, we again reverse the judgment.

In *Dale v. Guaranty National Insurance Company, supra*, the supreme court held, as did we in this case, that collateral estoppel predicated on an arbitration of the insured's contract claim, which included an unsuccessful claim of willful and wanton conduct, did not bar the subsequent litigation of the tort claim of bad faith breach of an insurance contract. In so doing, the supreme court held that the bad faith claim was broader than the contract claim for willful and wanton conduct both temporally and in terms of the conduct. The supreme court stated:

> However, because willful and wanton conduct under the No-Fault Act is a subset of insurance bad faith, a finding that the insurer's conduct was not willful and wanton is not the equivalent of a finding that the insurer did not act in bad faith. While a willful and wanton claim under the No-Fault Act is limited to the circumstances concerning the refusal to pay insurance benefits when due, the tort of bad faith breach of an insurance contract encompasses an entire course of conduct and is cumulative.... A determination of willful and wanton conduct necessarily is limited to events occurring before the arbitration. However, claims of insurance bad faith may encompass all of the dealings between the parties, including conduct occurring after the arbitration procedure.

*Dale v. Guaranty National Insurance Co., supra*, 948 P.2d at 551–552.

Here, in our previous opinion, we stated essentially the same proposition as follows:

> The tort of bad faith is derived from "an implied duty of good faith and fair dealing 'grounded upon the special nature of the insurance contract and the relationship which exists between the insurer and the insured.'" *Lira v. Shelter Insurance Co.*, 913 P.2d 514, 519 (Colo.1996). The insurer's duty to act in good faith in handling an insured's claim is broader and encompasses more conduct than the narrow statutory duty to pay promptly medical benefits imposed under the No Fault Act.

*Williams v. Guaranty National Insurance Company, supra*, 948 P.2d at 15–16.

In addition, the supreme court overruled *Leahy v. Guaranty National Insurance Co.*, 907 P.2d 697 (Colo.App.1995) to the extent it equated willful and wanton conduct under the No-Fault Act and insurance bad faith. In this case, we distinguished *Leahy* and declined to follow it to the extent it could be read to require a different result.

Therefore, the judgment is reversed and the cause is remanded for further proceedings.

HUME, C.J., and METZGER, J., concur.