STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation, Plaintiff-Appellee,

v.

Elaine TYGART and Darrell Tygart, Intervenors-Appellants.

No. 96CA2257.

Colorado Court of Appeals, Div. I.

April 16, 1998.

Rehearing Denied May 14, 1998.

Certiorari Denied Feb. 16, 1999.

Rodman & Ross–Shannon, David L. Murphy, Denver, for Plaintiff–Appellee

Stafford & Stafford, L.L.C., John T. Stafford, Jr., Lakewood, for Intervenors–Appellants

Opinion by Judge ROY.

Elaine Tygart (insured) and Darrell Tygart (husband) appeal the summary judgment entered in favor of plaintiff, State Farm Mutual Automobile Insurance Company (State Farm). We affirm.

Insured was driving in an eastbound lane when she and two other drivers stopped upon seeing a westbound vehicle, driven by an underinsured driver, swerve into their lane. A chain reaction accident occurred when a driver following insured, also insured by State Farm, failed to see, and collided with, the line of stopped vehicles.

Insured notified State Farm of her claim for underinsured benefits and then, together with husband, filed suit in Jefferson County against both the underinsured oncoming driver and the following driver. With State Farm's written consent, insured settled with the underinsured oncoming driver for liability policy limits of $50,000. Following settlement, the following driver named the underinsured oncoming driver as a non-party tortfeasor.

At trial, insured insisted upon special verdict forms as to liability and damages with respect to all parties, including the non-party underinsured oncoming driver. The jury returned special verdicts finding that the following driver was not negligent. The jury further found that the underinsured oncoming driver was negligent but that the negligence did not cause any injuries as claimed by insured and her husband, and that neither insured nor her husband incurred any damages.

Insured unsuccessfully appealed the judgment as to the following driver only. *See Tygart v. Beinlich* (Colo.App. No. 94CA0778, Aug. 31, 1995) (not selected for official publication).

Insured then demanded underinsured motorist (UM) benefits based on a claim against the underinsured oncoming driver. State Farm refused on the ground that the prior judgment was dispositive.

Acting pursuant to the policy, insured commenced formal arbitration proceedings to determine whether she was entitled to recover from the underinsured oncoming driver and in what amount. An arbitration panel was formed and State Farm filed a motion to dismiss the arbitration proceeding on the grounds that the claim was barred by collateral estoppel. The arbitration panel denied State Farm's motion and ordered the matter set for arbitration.

State Farm then commenced this declaratory judgment action, contending that the arbitration panel did not have authority to order the matter set for an arbitration hearing because insured was precluded from recovery by *res judicata* and collateral estoppel. Both parties moved for summary judgment. The trial court entered summary judgment for State Farm, concluding that insured was collaterally estopped from relitigating the issue of the underinsured oncoming driver's liability.

The crux of the dispute is whether insured has a right to arbitrate her UM claims against State Farm after suffering an adverse judgment on the same issues as to the underinsured oncoming driver. We conclude insured has no such right, because she is collaterally estopped from relitigating the claim.

Collateral estoppel bars relitigation of an issue determined in a prior adjudication if 1) the issue decided in the prior proceeding is identical to the one presented in the current action; 2) there was a final judgment on the merits; 3) the party against whom preclusion is sought was a party, or in privity with a party, to the prior adjudication; and 4) the party against whom preclusion is sought had a full and fair opportunity to litigate the issue in the prior adjudication. *Dale v. Guaranty National Insurance Co.*, 948 P.2d 545 (Colo. 1997).

Insured concedes that the second and third requirements, namely that there was a final judgment on the merits and that insured was a party to the prior adjudication, have been met. Insured maintains, however, that the first and fourth requirements have not been met and collateral estoppel is inapplicable. We disagree.

## I.

■ With respect to the first requirement, insured's policy with State Farm provides:

We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.

. . . .

Deciding Fault and Amount

Two questions must be decided by agreement between the insured and us:

1. Is the insured legally entitled to collect damages from the owner or driver of the uninsured motor vehicle; and

2. If so, in what amount?

If there is no agreement, these questions shall be decided by arbitration upon written request of the insured or us.

Thus, in the normal course of events, insured would have a limited right to arbitrate whether the underinsured oncoming driver was negligent, whether that negligence caused any damage, and the extent or amount of any damage so caused. *See State Farm Mutual Automobile Insurance Co. v. Stein*, 886 P.2d 326 (Colo.App.1994).

The jury found, however, that, while the underinsured oncoming driver was negligent, the negligence did not cause any injuries, damages, or losses; and the insured did not suffer any economic, non-economic, or physical impairment damages. Insured now seeks to compel arbitration on the identical issues. We conclude that the first requirement of collateral estoppel has been satisfied.

## II.

■ With respect to the fourth requirement, insured contends that numerous errors in the litigation prevented her from having a full and fair opportunity to litigate the issue in the prior adjudication. However, the fourth requirement does not require that the proceedings be perfect. *See* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4465 (1981) ("preclusion cannot be defeated simply by arguing that the prior judgment was wrong").

■ A party will be deemed to have had a full and fair opportunity to litigate when the remedies and procedures between the two proceedings are substantially similar, the party in privity with the party against whom collateral estoppel is sought had sufficient incentive to litigate vigorously, and the issues are identical. *Bennett College v. United Bank*, 799 P.2d 364 (Colo.1990); *Schenck v. Minolta Office Systems, Inc.*, 802 P.2d 1131 (Colo.App.1990).

■ In this instance, insured was a party to both proceedings, had an incentive to litigate vigorously in the previous adjudication, the issues in the prior proceedings were identical, the proceedings were similar, and the remedy in the two proceedings is the same. We do not believe that a different result is required by *Peterman v. State Farm Mutual Automobile Insurance Co.*, 948 P.2d 63 (Colo.App.1997) (*cert. granted* December 2, 1997) (collateral estoppel does not bar subsequent arbitration when insured obtained a default judgment against the under-insured driver in a civil action of which insurer was given notice).

■ Accordingly, we conclude that insured is collaterally estopped from bringing an arbitration proceeding to determine the liability of the oncoming underinsured driver by the previous litigation in which it was determined that the driver's negligence did not cause injury or damage. Hence, the trial court properly entered judgment to that effect.

Judgment affirmed.

METZGER and PIERCE*, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997