GUARANTY NATIONAL INSURANCE COMPANY, Petitioner,

v.

Larry WILLIAMS, Respondent.

No. 98SC279.

Supreme Court of Colorado, En Banc.

June 14, 1999.

Nathan, Bremer, Dumm & Myers, P.C., Ellis J. Mayer, Denver, Colorado, Attorneys for Petitioner.

Richard Hodges, Denver, Colorado, Attorney for Respondent.

Chief Justice MULLARKEY delivered the Opinion of the Court.

The petitioner, Guaranty National Insurance Company (GNIC), appeals for the second time from a judgment of the court of appeals finding that an arbitration decision based on a contract claim did not collaterally estop the respondent, Larry Williams, from bringing a bad faith tort claim in district court. We agree that the court of appeals did not properly interpret our recent decision in *Dale v. Guaranty National Insurance Co.*, 948 P.2d 545 (Colo.1997). Accordingly, we reverse the court of appeals' judgment and remand the case with directions.

### I. Facts and Prior Proceedings

On September 22, 1990, Williams was involved in an automobile accident. He had a no-fault insurance contract with GNIC and sought payment for reasonable and necessary medical care for injuries he suffered as a result of the accident. GNIC delayed payment on some medical claims and reduced its offer of payment on others, relying for its decision on a workers' compensation payment schedule.

As relevant here, Williams filed two claims against GNIC in the district court. One was for breach of contract, including a request for treble damages for willful and wanton conduct. *See* § 10–4–708, 4A C.R.S. (1987 & 1990 Supp.) (contract claim). The other was for bad faith breach of the insurance contract

and requested exemplary damages (tort claim). In the tort claim, Williams alleged that GNIC unreasonably delayed payment of benefits and failed to investigate the accident claims in a reasonable and timely manner.

The district court granted GNIC's motion to dismiss the contract claim because, at the time, arbitration was mandatory under the Colorado Auto Accident Reparations Act. *See* § 10–4–708(1.5), 4A C.R.S. (1987 & 1990 Supp.) (No–Fault Act). The trial court stayed the tort claim pending the outcome of arbitration.

An arbitration panel considered the contract claim and awarded actual damages.[1] However, the panel considered and rejected Williams's request for treble damages for willful and wanton breach of the contract. *See* § 10–4–708(1), (1.5)(d) (providing for treble damages if insurer's failure to pay required benefits is willful and wanton). Specifically, the panel concluded that "[t]he behavior patterns of [GNIC] in processing payment of [Williams's] medical expenses, while not condoned by the Arbitrators, did not individually or collectively constitute a willful and wanton breach of contract." There is no record of the arbitration proceeding.

GNIC subsequently filed a motion for summary judgment on the tort claim, alleging that the arbitration panel's finding on the willful and wanton contract claim collaterally estopped Williams from bringing a bad faith tort claim. The trial court initially denied the motion, but GNIC moved for reconsideration. The trial court agreed to reconsider its decision and simultaneously granted the motion for summary judgment.

The court of appeals reversed. *See Williams v. Guaranty Nat'l Ins. Co.,* 948 P.2d 14 (Colo.App.1997) (hereinafter *Williams I* ). We granted certiorari, vacated the court of appeals' judgment, and remand-

ed for reconsideration in light of our decision in *Dale v. Guaranty National Insurance Co.,* 948 P.2d 545 (Colo.1997). *See Williams v. Guaranty Nat'l Ins. Co.,* No. 97SC330 (Colo. Dec. 15, 1997) (Order and Mandate).

On remand, the court of appeals again reversed the trial court's decision. *See Williams v. Guaranty Nat'l Ins. Co.,* 967 P.2d 186 (Colo.App.1998) (hereinafter *Williams II* ). We granted certiorari to consider whether *Williams II* properly interpreted our holding in *Dale.*[2] We conclude that *Williams II* does not comport with *Dale.* Therefore, we reverse and remand *Williams II* with instructions for the court of appeals to remand so that the trial court may reconsider GNIC's summary judgment motion.

## II. Analysis

This case requires us to clarify when denial of a contract claim under the No–Fault Act may preclude a subsequent tort claim. Specifically, we consider the preclusive effect of an arbitration panel's finding that an insurer's actions did not constitute willful and wanton breach of contract on a subsequent tort claim for bad faith breach of the insurance contract. GNIC asserts that the court of appeals erred by interpreting *Dale* to mean that an arbitration decision on the contract claim could not have preclusive effect on a subsequent tort claim related to the same injury.

Williams counters that the court of appeals' opinion is consistent with *Dale* because, as with the plaintiff in *Dale,* he sought to introduce evidence at trial that had not been presented before the arbitration panel. We disagree with Williams's interpretation of the court of appeals' opinion.

The court of appeals interpreted our decision in *Dale* to mean that a reasonableness finding for a bad faith tort claim inevitably

---

1. The panel awarded Williams $2,904.42, including interest, for GNIC's failure to properly investigate, process and pay his claim. In addition, the panel awarded Williams $11,649.38 in attorney's fees plus his costs for expert witness fees up to $1,000.

2. The petition for certiorari presented the following issue:

Whether the Court of Appeals decided a question of substance in a way probably not in accord with applicable decisions of the Supreme Court, specifically *Dale v. Guaranty National Insurance Co.,* 948 P.2d 545 (Colo.1997), by not upholding the arbitration decision and application of collateral estoppel and *res judicata* in the instant case.

"encompasses more conduct than the narrow [contract] duty to pay promptly." *Williams II*, 967 P.2d at 187. *Dale* does not support this conclusion. Rather, *Dale* requires a trial court to determine whether a particular tort claim relies on the same conduct and evidence that supported the contract claim. If the same conduct and evidence is relevant to each claim and could have been presented to the arbitration panel, then a panel's denial of treble damages on the contract claim precludes the tort claim.

### A.

In *Dale*, the plaintiff alleged willful and wanton breach of contract based on the defendant's refusal to pay certain medical bills after an automobile accident. Like Williams in the present case, the *Dale* plaintiff also alleged bad faith breach of the insurance contract. Dale's bad faith claim relied, in part, on the same pre-arbitration conduct which gave rise to the contract claim, but Dale also relied on the insurer's alleged misconduct in distributing funds following the arbitration panel's award of damages. *See Dale*, 948 P.2d at 547–48.

As in the present case, the *Dale* arbitration panel found that, while the plaintiff was entitled to damages, the defendant's actions had not constituted willful and wanton conduct. The trial court subsequently ruled that this finding collaterally estopped the plaintiff from pursuing her bad faith claim. The court of appeals affirmed. *See id.* We reversed; however, we did not reject application of collateral estoppel in this context, only as applied to the factual circumstances of the case.

Our decision confirmed that collateral estoppel precludes relitigation of issues decided in an arbitration proceeding if the traditional collateral estoppel test has been met:

Collateral estoppel, or issue preclusion, bars relitigation of an issue determined in a prior proceeding if: (1) the issue precluded is identical to an issue actually determined in the prior proceeding; (2) the party against whom estoppel is asserted has been a party to or is in privity with a party in the prior proceeding; (3) there is a final judgment on the merits in the prior proceeding; and (4) the party against whom the doctrine is asserted has had a full and fair opportunity to litigate the issue in the prior proceeding.

*Id.* at 550 (citations omitted). Then, after finding that the second, third and fourth factors had been met, we reached the first factor and considered whether the tort issue was identical to the contract issue that the arbitration panel had decided.

We concluded that the first factor, identity of issues, had not been met because Dale's tort claim relied, in part, on the insurer's conduct following the arbitration panel's decision. In other words, there was conduct and evidence relevant to the tort claim that Dale could not have presented to the arbitrators. *See id.* at 552. However, contrary to the court of appeals' interpretation below, our holding in *Dale* does not mean that a bad faith tort claim *necessarily* raises issues different from those raised by a willful and wanton breach of contract claim. Rather, we explicitly held that, assuming the other three collateral estoppel factors have been met, "a finding on the element of reasonableness in the willful and wanton claim *may be preclusive* with respect to the same element in the bad faith claim *if the same conduct is at issue* in the tort proceeding." *Id.* (emphasis added).

In the case before us, there is no contention regarding the second, third and fourth collateral estoppel factors. Therefore, the arbitration panel's finding that GNIC acted reasonably with respect to Williams's willful and wanton breach of contract claim has preclusive effect on the tort claim *unless* "(1) additional evidence of bad faith exists other than the misconduct evidence that was presented to and considered by the arbitration panel, and (2) the additional evidence could not have been presented to the arbitrators." *Id.* at 553. In other words, we hold that collateral estoppel applies unless there is additional conduct or evidence supporting a showing of unreasonableness that the plaintiff did not and could not reasonably have presented at the arbitration to demonstrate unreasonableness on the contract claim.

### B.

Having clarified the framework for determining whether identity of issues precludes a bad faith tort claim in this case, we now consider whether the court of appeals properly reversed the trial court's dismissal of Williams's claim.

Summary judgment should terminate a claim only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* C.R.C.P. 56(c); *Casebolt v. Cowan,* 829 P.2d 352, 354 (Colo.1992). This analysis requires the court to draw all reasonable inferences from undisputed facts in favor of the nonmoving party and to resolve all doubts against the moving party. *See Casebolt,* 829 P.2d at 354.

In this case, the arbitration panel found GNIC's conduct was wrongful, but not willful and wanton. Initially, the trial court denied GNIC's motion for summary judgment on the tort claim:

> Based upon the pleadings and motions this Court concludes that there remain contested issues of fact in this case that go to the very essence of the Plaintiff's and Defendant's claims.... The court notes that the claims litigated at the arbitration hearing were not the same claims that would go to trial in this Court. The Court finds that the arbitrator's findings, while addressing similar issues, are not *res judicata* to the specific issues the court must address in Plaintiff's remaining claims for relief.

In light of *Dale,* summary judgment should not be denied in this case solely because "there remain contested issues of fact." Under *Dale,* merely continuing to contest factual issues is not enough to survive a motion for summary judgment if those issues address conduct already raised in arbitration. If the arbitration panel's decision on a contract claim either addressed or could have addressed the same conduct and underlying factual issues as that raised by the tort claim, then the later bad faith claim is collaterally estopped. Therefore, the trial court was correct to reconsider its denial of summary judgment.

In simultaneously granting GNIC's motion for reconsideration and its motion for summary judgment, the trial court issued a new order:

> The Court ha[s] reviewed the pleadings and finds ... that the evidence presented at the Arbitration Hearing in this case, which included Plaintiff's claim that treble damages should be awarded because of willful and wanton conduct and this claim having been denied by the arbitration panel, that the Plaintiff is collaterally estopped from now proceeding on his claim of bad faith.

As stated above, *Dale* requires the court to compare the conduct and evidence underlying the contract and tort claims. We cannot discern from the record whether the trial court's order properly looked to the conduct and evidence on which each claim relied or whether it improperly treated the claims themselves as necessarily identical. If Williams's tort claim relies on additional conduct or evidence which he could not reasonably have raised before the arbitration panel, then summary judgment was improper. *See Dale,* 948 P.2d at 553–54. However, if the alleged conduct and relevant evidence are either identical or are different but could reasonably have been presented to support the contract claim, then summary judgment is proper.

Because resolution of this matter requires additional trial court findings, the court of appeals erred in simply reversing the trial court's decision. Therefore, we reverse the court of appeals' judgment and remand this case with instructions to remand to the trial court for a determination consistent with this opinion.

### III.   Conclusion

In the context of the No–Fault Act, an insured may be collaterally estopped from bringing a bad faith tort claim against the insurer following an arbitration panel's denial of a willful and wanton breach of contract claim. The tort claim is not precluded if it relies on conduct or evidence that the plaintiff could not reasonably have raised in arbitration to support the contract claim. Therefore, on remand, the trial court should

resolve the matter by determining whether there is alleged conduct or evidence supporting the tort claim for bad faith breach of the insurance contract that could not reasonably have been presented to support the contract claim for treble damages.